**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| FALMOUTH SCHOOL DEPARTMENT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 2:20-cv-00214-GZS |
| | ) |
| MR. & MRS. DOE, on their own behalf & | ) |
| on behalf of their minor son, JOHN DOE, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO PRESENT ADDITIONAL EVIDENCE**

Before the Court is Defendants' Motion to Permit Presentation of Additional Evidence (ECF No. 25). For reasons briefly explained herein, the Court GRANTS the Motion.

In relevant part, this case seeks review of an administrative decision pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 *et seq*. Generally, such a review focuses on "the records of the administrative proceedings," although the statute also contemplates that the Court may also "hear additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(C). The First Circuit has required "some solid justification" to present additional evidence "[a]s a means of assuring that the administrative process is accorded its due weight and that judicial review does not become a trial *de novo*." Roland M. v. Concord Sch. Comm., 910 F.2d 983, 996 (1st Cir. 1990).

Here, Defendants offer seven additional exhibits, totaling fourteen pages of report cards reflecting the progress of John Doe during the last two quarters of the 2019-2020 school year and the first quarter of the 2020-2021 school year. See Defs. Sealed Exs. (ECF Nos. 25-1–25-7). All of these exhibits purport to reflect progress that occurred after the March 2020 administrative

hearing.  "Following the First Circuit's acknowledgement that relevant events that occur after the administrative hearing might be appropriately considered by a court in certain situations, this District has on occasion allowed parties to supplement the record with relevant after-acquired 'progress evidence' . . . ."  Mr. F. v. MSAD 35, No. 2:20-CV-00220-NT, 2020 WL 6545954, at *1 (D. Me. Nov. 6, 2020) (collecting cases).  To the extent that this appeal raises a question about whether Doe's current placement reflects a suitable alternative, the Court finds a solid justification for Defendants' proposed evidence.  Thus, the Court will allow Defendants to present these seven exhibits as a relevant supplement to the administrative record.

Beyond its objection, Plaintiff alternatively argues that if the Court allows Defendants the requested fourteen pages of supplementation, it should require additional production "of all educational measurement data" for John Doe during the period covered by the report cards and allow depositions of Barbara Melnick and Ann Binder related to these report cards.  Pl. Response (ECF No. 29), PageID # 142.  The Court declines these requests.  On the record presented, the Court believes Plaintiff's additional requested discovery is unnecessary and will overwhelm the administrative record with evidence that postdates the decision subject to review.  Moreover, having reviewed the report cards at issue, the Court concludes that further testimony regarding "proper interpretation" of the report cards would be superfluous.

Therefore, the Court hereby GRANTS Defendants' Motion to Permit Presentation of Additional Evidence (ECF No. 25) and allows for the supplementation of the administrative record with Defendants' seven proffered sealed exhibits.

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 13th day of January, 2021.