UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FALMOUTH SCHOOL DEPARTMENT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MR. & MRS. DOE, on their own behalf & )<br>on behalf of their minor son, JOHN DOE, )<br>)<br>)<br>Defendants. ) | Docket no. 2:20-cv-00214-GZS |

**ORDER ON MOTION TO DISMISS COUNTERCLAIMS**

Before the Court is Falmouth School Department's Motion to Dismiss Counterclaim (ECF No. 16). For reasons explained herein, the Court GRANTS the Motion.

**I.  LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a pleading must contain sufficient factual matter "to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In evaluating whether a complaint states a plausible claim, [the court] 'perform[s] a two-step analysis.'" Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016) (quoting Cardigan Mountain Sch. v. New Hampshire Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015)). First, "the court must separate the [pleading]'s factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Morales-Cruz v. University of Puerto Rico, 676 F.3d 220, 224 (1st Cir. 2012) (citing Iqbal, 556 U.S. at 678). Second, the court "must determine whether the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Iqbal, 556 U.S. at 678). "This standard is 'not

akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" Saldivar, 818 F.3d at 18 (quoting Iqbal, 556 U.S. at 678). "Although evaluating the plausibility of a legal claim requires the reviewing court to draw on its judicial experience and common sense, the court may not disregard properly pled factual allegations, even if it strikes a savvy judge that actual proof of those facts is improbable." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (internal citations and quotations omitted). Rather, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability" from the facts. Id. at 13.

## II.  DISCUSSION

In responding to an appeal brought by Plaintiff Falmouth School Department ("Falmouth") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, Defendants Mr. and Mrs. Doe (the "Does") pressed three counterclaims against Falmouth: (1) reimbursement of attorneys' fees and expenses as a prevailing party under the IDEA (Count I), (2) a violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 (Count II), and (3) a violation of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134 (Count III). Additionally, the Does assert a third-party claim again Gene Kucinkas individually, asserting that he violated 42 U.S.C. § 1983 by retaliating against them for their communications and advocacy on behalf of their son (Count IV).

The Court incorporates the factual findings in its Order on IDEA Appeal (ECF No. 39), which is being filed contemporaneously with this Order, as an accurate recitation of the facts underlying the counterclaims at issue in the Motion to Dismiss. But, the discussion that follows notes any additional well-pled factual allegations from Defendants' pleading.

### A. Non-IDEA Counterclaims (Counts II-IV)

Falmouth's Motion to Dismiss initially asks this Court to dismiss all of the Does' non-IDEA counterclaims asserting that such claims are barred under the holding of Diaz-Fonseca v. Puerto Rico, 451 F.3d 13 (1st Cir. 2006). In Diaz-Fonseca, the First Circuit made clear that "where the underlying claim is one of violation of the IDEA, plaintiffs may not use § 1983—or any other federal statute for that matter—in an attempt to evade the limited remedial structure of the IDEA." Id. at 29. In response, the Does argue that "the First Circuit substantially narrowed Diaz-Fonseca" in D.B. ex rel. Elizabeth B. v. Esposito, 675 F.3d 26 (1st Cir. 2012). (Def. Response (ECF No. 19), PageID # 95.) In that case, the First Circuit explained, "To prevail on a discrimination claim under the Rehabilitation Act or the ADA involving a denial of a FAPE, a plaintiff must make an additional showing that the denial resulted from a disability-based animus." D.B., 675 F.3d at 40. Thus, while "some overlap" between an IDEA and non-IDEA claim may not be a bar to the non-IDEA claim, the First Circuit reaffirmed that "plaintiffs cannot disguise an IDEA claim in other garb where the essence of the claim is one stated under the IDEA for denial of FAPE." Id. at 39 (cleaned up).

Here, the essence of the claims stated in Counts II through IV is that Falmouth and Gene Kucinkas, Falmouth's Director of Special Education, did not provide the Does' son, John, with an appropriate individualized education program ("IEP"). With respect to Count II and Count III, the Does allege that Falmouth engaged in retaliation against the Does and "intentional discrimination by demonstrating deliberate indifference toward [John Doe.]" (Ans. & Counterclaims (ECF No. 8), PageID #s 56 & 57.) More specifically, they allege that Falmouth "fail[ed] to alter its unsuccessful and inappropriate approach to John's specialized reading instruction" or even to explain John's orthographic processing deficit to them, despite allegedly having knowledge of this

deficit as of January 2018. (Id. at 56-58.) In Count IV, the Does claim Kucinkas retaliated against them when they raised "valid concerns about Falmouth's treatment of John" and advocated "for him to receive appropriate specialized education." (Id. at PageID # 60.) They specifically assert that Kucinkas not only failed to alter John's program, but also that he "failed to explain the orthographic processing issue," as well as the District's prior experience with this issue and programming options that might address it. (Id.)

In opposing the pending Motion, the Does suggest that the facts pled in this case warrant the same analysis applied in Pollack v. Regional School Unit 75, 12 F. Supp. 3d 173 (2014). Pollack similarly involved an IDEA appeal along with a number of other associated parental claims, including claims for discrimination and retaliation under the ADA, the Rehabilitation Act and the First Amendment. See id. at 186. However, the factual basis for these claims related to allegations that the parents were "denied . . . access to records," "threatened with legal liability," and that their nonverbal son was prohibited from using a recording device and subject to searches related to this prohibition. Id. The Court readily finds the allegations stated here to be factually distinguishable from Pollack.

Here, the only adverse action plausibly alleged in the counterclaims is the denial and/or delay of John's rights under the IDEA to a free and appropriate public education. See D.B., 675 F.3d at 41 ("An adverse action is one that might well dissuade a reasonable person" from engaging in protected conduct.). Moreover, as pled, the Does' counterclaims fail to plausibly allege that retaliatory animus or disability-based animus is what caused or motivated the decisions regarding John's IEPs.[1] Quite simply, the Court concludes that the Does' counterclaims for discrimination

---

[1] Having already concluded that the Does in fact prevail on the underlying IDEA appeal, the Court has had occasion to conduct a detailed review of the administrative record in this matter. Thus, the Court is satisfied not only that the requisite animus was not pled in the counterclaim, it has also found nothing in the record that would support an

and retaliation are disguised IDEA claims, as there appears to be a complete overlap in the factual allegations.

### 1. Qualified Immunity as to Count IV

With respect to the 42 U.S.C. § 1983 claim brought against Kucinkas individually, the pending Motion also seeks dismissal based upon qualified immunity. Government officials "are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" District of Columbia v. Wesby, 138 S. Ct. 577, 589 (2018) (quoting Reichle v. Howards, 566 U.S. 658, 664 (2012)). As the First Circuit has explained, "'[t]his doctrine gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law.'" Hunt v. Massi, 773 F.3d 361, 367 (1st Cir. 2014) (quoting Carroll v. Carman, 135 S. Ct. 348, 350 (2014)).

"To be clearly established, the contours of th[e] right must have been 'sufficiently definite that any reasonable official in the [official]'s shoes would have understood that he was violating it.'" Id. at 368 (quoting Plumhoff v. Rickard, 134 S. Ct. 2012, 2023 (2014)). Here, the Does argue that "[t]he right of parents to be free from retaliation for exercising their First Amendment right to advocate for their child's rights is clearly established, such that a school official in Kucinkas' position would have understood that he was prohibited from taking adverse action against the Does in response to their advocacy." (Def. Response, PageID # 102.) In the Court's view, this frames the constitutional question too generally. See id. at 368. Rather, the relevant question is whether in the 2017-2019 time frame, the Does had a clearly established right to advocate for their son such

---

inference of retaliatory animus or disability-based animus as motivating the denial of a FAPE. In the Court's assessment, Falmouth's IEPs for John reflect a failure on the part of Falmouth to meet the standards required by the IDEA, but not an attempt to discriminate against John or retaliate for his parents' advocacy on his behalf.

that it would be obvious to a reasonable school official that he had an affirmative duty to disclose the information that the Does allege was improperly withheld from them and/or amend John's IEP. In the Court's assessment, the apparent answer to this question is: no.

Thus, the Court concludes that Kucinkas is entitled to qualified immunity on Count IV and this claim is alternatively subject to dismissal on that basis.

### B. Count I

Having concluded that Counterclaim Counts II-IV are subject to dismissal, the Court turns to the only remaining counterclaim, Count I, which seeks recovery of attorneys' fees and expenses from the IDEA appeal. The IDEA generally provides for an award of "reasonable attorneys' fees as part of the costs" to a prevailing parent. 20 U.S.C. § 1415(i)(3)(B)(i)(I). In their Opposition to the Motion to Dismiss, the Does initially argued that this claim was separately stated to preserve their ability to seek fees associated with "their success at the administrative level." (Def. Response (ECF No. 19), PageID # 94.)

Given the statutory language and the Court's resolution of the IDEA appeal, the Court expects that Defendants would seek attorneys' fees in accordance with the procedures delineated in District of Maine Local Rule 54.2 & 54.3. At this juncture, the procedural problem with a standalone count for attorneys' fees is that it arguably prevents the entry of final judgment, which in turn prevents the expiration of the time for filing a timely appeal or the filing of an appellate mandate. Under the just-referenced local rules, these appeal-related deadlines trigger the time for filing an application for attorneys' fees.

Given the procedural quagmire created by a standalone claim for attorneys' fees, the Court agrees with Plaintiffs that a standalone counterclaim for statutory attorneys' fees is presently

"unnecessary." (Pl. Mot. (ECF No. 16), PageID # 75 n.3.) Thus, the Court will dismiss Count I, but it does so without prejudice to Defendants making an application for attorneys' fees in accordance with 20 U.S.C. § 1415(i)(3)(B) and the deadlines provided in the District of Maine Local Rules.

### III. CONCLUSION

For the reasons just stated, the Court GRANTS the Motion to Dismiss (ECF No. 16) and hereby DISMISSES all of the asserted counterclaims. Count I is dismissed without prejudice.

SO ORDERED.

        /s/ George Z. Singal
        United States District Judge

Dated this 29th day of September, 2021.