UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FALMOUTH SCHOOL DEPARTMENT,  )<br>  )<br>      Plaintiff,  )<br>  )<br>v.  )  Docket no. 2:20-cv-00214-GZS<br>  )<br>MR. & MRS. DOE, on their own behalf  )<br>and on behalf of their minor son, JOHN  )<br>DOE,  )<br>  )<br>      Defendants.  ) | |

ORDER ON ATTORNEYS' FEES

Before the Court is the Motion for Attorneys' Fees and Expenses (ECF No. 57) filed by Defendants Mr. & Mrs. Doe ("Does" or "Defendants"). As explained herein, the Court GRANTS IN PART the Motion.

I.   **LEGAL STANDARD**

The Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, allows for the award of attorneys' fees to the parent of a child with a disability who is a "prevailing party" in an IDEA appeal. See 20 U.S.C. § 1415(i)(3)(B)(i)(I). "To qualify as a prevailing party, a litigant must demonstrate that: (1) He obtained relief on a significant claim in the litigation; (2) such relief effected a material alteration in his legal relationship with the [school district]; and (3) the alteration is not merely technical or de minimis in nature." Kathleen H. v. Massachusetts Dep't of Educ., 154 F.3d 8, 14 (1st Cir. 1998). Once it is determined that an IDEA litigant is a prevailing party, the Court determines the appropriate fee award by looking to the "prevailing party principles from § 1988 cases" in addition to the IDEA statute. C. v. Maine Sch. Admin. Dist. No. 6, 582 F. Supp. 2d 65, 67 (D. Me. 2008).

The IDEA directs the Court to award attorneys' fees "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).  In practice, the amount of the fee award is set by calculating the "lodestar amount," which "requires two steps": (1) the determination of "the number of hours reasonably expended by the attorneys for the prevailing party, excluding those hours that are excessive, redundant, or otherwise unnecessary," and (2) the identification of "a reasonable hourly rate or rates — a determination that is often benchmarked to the prevailing rates in the community for lawyers of like qualifications, experience, and competence." Perez-Sosa v. Garland, 22 F.4th 312, 321 (1st Cir. 2022) (cleaned up).  Then, the Court multiplies these figures to yield the lodestar amount.  See id.  After this calculation is complete, the Court must consider "whether any portion of this fee should be adjusted upwards or downwards, based upon 'the degree of success obtained.'" SD v. Portland Pub. Sch., No. 2:13-CV-00152-JDL, 2014 WL 7046190, at *2 (D. Me. Dec. 11, 2014) (quoting Hensley v. Eckerhart, 461 U.S. 424, 435-36 (1983)).

Ultimately, the prevailing party seeking an award of attorneys' fees bears the burden of establishing a reasonable fee award.  See Hensley, 461 U.S. at 437.  However, as the Supreme Court has noted, fee requests "should not result in a second major litigation," id., and the "goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection," Fox v. Vice, 563 U.S. 826, 838 (2011).

## II.   DISCUSSION

Rather than restate the underlying facts and procedural history, the Court incorporates the factual findings contained in its earlier decision in this matter.  See Falmouth Sch. Dep't v. Doe, No. 2:20-CV-00214-GZS, 2021 WL 4476939, at *1-8 (D. Me. Sept. 29, 2021) (affirming the 4/11/2020 administrative decision).  Additionally, the procedural history of this matter was

2

recounted by the First Circuit in their decision affirming this Court's just-cited ruling. See Falmouth Sch. Dep't v. Doe, 44 F.4th 23, 30-36 (1st Cir. 2022).

In January 2019, the Does retained Attorney O'Meara and his firm, Murray, Plumb & Murray, to represent them in connection with the dispute that gave rise to this IDEA litigation. Having won significant relief at the administrative hearing level, which was affirmed by this Court and the First Circuit, the Does now seek a fee award totaling $187,979.25[1] as well as costs totaling $4,495.57. Plaintiff Falmouth School Department ("Falmouth") does not dispute that the Does are a prevailing party and qualify for a fee award. However, Falmouth presents multiple objections to the Does' requested amounts, suggesting the Court should award fees for the underlying litigation of no more than $100,011.33 and associated costs of $1,498.52. (See Pl. Response (ECF No. 58), PageID # 690.)

To resolve these objections, the Court initially focuses on a calculation of the lodestar amount.

**A. Hourly Rates**

In their submission to the Court, the Does request reimbursement for work performed by Attorney O'Meara at a rate of $435 an hour. As explained in his Declaration (ECF No. 57-1), Attorney O'Meara has approximately thirty-five years of litigation experience and significant experience litigating IDEA cases. (See O'Meara Decl., PageID # 536.) In support of Attorney O'Meara's requested rate, the Does have also provided declarations from Attorney Jeffrey Neil Young (ECF No. 57-3) and Attorney James Clifford (ECF No. 57-4). Both counsel attest to Attorney O'Meara's experience and reputation in the area of IDEA cases. (See Young Decl., PageID # 667

---

[1] This amount reflects a total fee for the underlying litigation of $182,069.25, plus an additional $4,260 fee associated with preparation of the Motion for Attorneys' Fees (ECF No. 57) and $1,650 fee associated with preparation of the Reply (ECF No. 61). See ECF No. 57-2, PageID #s 662-64 & ECF No. 61, PageID # 703.

3

& Clifford Decl., PageID # 670.)  Attorney Young also attests that the 2020 billings rates for similarly experienced Maine attorneys at local firms was in excess of $500 an hour.  (See Young Decl., PageID # 668.)  Attorney Clifford describes O'Meara's requested hourly rate as "very reasonable in the Portland market" given his "reputation and skills" related to IDEA cases. (Clifford Decl., PageID # 671.)  As a Maine attorney with approximately 25 years of experience, Attorney Clifford indicates that his present hourly rate for IDEA cases is $375.  (Id., PageID #s 669-70.)

The Does also seek reimbursement of work performed by Attorney Bo Bigelow at the rate of $310 an hour.  Bigelow "has 22 years of legal experience and focuses much of his professional time on IDEA cases."  (O'Meara Decl., PageID # 541.)  Beyond O'Meara and Bigelow, Murray, Plumb & Murray additionally staffed this matter with the following attorneys and paralegals:

Attorney Rachel Sears is an associate with eight years of legal experience who has since left Murray, Plumb & Murray to work in the education law practice group at Drummond Woodsum, the firm representing Falmouth in this matter.  (See O'Meara Decl., PageID # 541.)  Sears billed her time on this matter at an hourly rate of $240.  (See id.)

Attorney Sean Turley is an associate who became a member of the bar in 2019.  Turley billed his time on this matter at an hourly rate of $220.  (See id.)

Attorney Ellen Masalsky is an associate who joined the firm in 2022 shortly after graduating law school and passing the bar exam.  Masalsky's work on this matter was limited to "assisting with research and writing" on the present Motion. (Id.)  Masalsky billed her time at an hourly rate of $150.  (See id.)

Paralegal Bonnie Page has over twenty years of experience, including "extensive expertise" in assembling IDEA records.  (Id., PageID # 542.)  Page's paralegal work on this matter was billed at $120 an hour.  (See id.)

4

Beyond the accompanying declarations, Defendants ask the Court to consider the hourly rates that Judge Woodcock approved in a 2018 fee petition in Coastal Ctys. Workforce v. LePage, No. 1:17-CV-00417-JAW, 2018 WL 6438743 (D. Me. Dec. 7, 2018). (See Defs. Mot., Page ID #s 528-29.) In Coastal Counties, the court authorized a 2018 hourly rate of $367.50 for Attorney O'Meara and a 2018 hourly rate of $183.75 for Attorney Sears. 2018 WL 6438743 at *4. More generally, the court also approved billing rates ranging from $99.75 for paralegals to $315 for "highly experienced counsel." Id. Since those rates were awarded, Defendants ask this Court to take judicial notice of government data showing that inflation during the intervening four years has increased the cost of legal services "by approximately 17.6%." (Defs. Mot, PageID # 530 (citing BUREAU OF LABOR STATISTICS: U.S. DEP'T OF LABOR, https://beta.bls.gov/dataViewer/view/timeseries/PCU5411 --5411-- ); see Defs. Reply (ECF No. 61), PageID # 699 (citing a revised inflation number of 19.15 %).)

Given the specialized skill required for IDEA litigation, the peculiarities of this case (which was largely litigated during the COVID-19 pandemic), and the inflationary pressure on legal services, the Court concludes that Defendants have established that their proposed rates are reasonable and reflect current prevailing rates for this geographic area.

Falmouth poses a limited objection to the requested hourly rates, focusing on the proposed $435 rate for Attorney O'Meara and the $310 rate for Attorney Bigelow. (See Pls. Response (ECF No. 58), PageID #s 678-80.) Falmouth argues that the hourly rates for these two attorneys should be capped at $400 and $240 respectively. In support of this request, Falmouth filed a declaration by one of its attorneys purporting to put before the Court various emails and documents that were exchanged between opposing counsel in September 2022. (See generally Herlan Decl. (ECF No. 59).) These exhibits clearly reflect attempts by counsel to negotiate a compromise of the fee

dispute in this case and another IDEA case in which Attorney O'Meara and his firm represented the parents and Attorney Eric Herlan and his firm represented the district. Defendants object to the Herlan Declaration and its attached exhibits, arguing that this proffered evidence violates Federal Rule of Evidence 408. (See Defs. Reply, PageID #s 697-98.) The Court sustains this objection and has not considered the exhibits attached to Attorney Herlan's Declaration or any associated assertions in this Declaration.[2] See F.R.E. 408 (prohibiting admission of evidence of compromise offers and negotiations).

Having determined that Defendants have met their burden with respect to their proposed hourly rates, the Court next considers the hours expended in this case.

### B.  Number of Hours Reasonably Expended

The Does seek reimbursement for 522.5 hours on the underlying case. (See Defs. Mot. (ECF No. 57), PageID # 523; Ex. A to O'Meara Decl. (ECF No. 57-2), PageID # 664.) Attorney O'Meara represents that this calculation reflects his "exercise of billing judgment" to "remove[ ] . . . any entries for which recovery would be inappropriate by virtues of unnecessary overlap, duplication of effort, [or] excessive or unproductive time." (O'Meara Decl., PageID # 539.) He also represents that he has removed hours associated with "the Does' unsuccessful counterclaims."[3] (Id.) In addition to the fee amounts associated with the substantive litigation,

---

[2] To the extent that Attorney Herlan's assertion regarding Attorney Bigelow's specialized IDEA experience is not excluded under Rule 408, see Herlan Decl., PageID # 695, the Court declines to find that this assertion alone provides a basis for lowering the hourly rate of Attorney Bigelow, an attorney with 22 years of legal experience. Notably, Attorney Clifford, who has 25 years of litigation experience, represented that he currently charges $375 an hour in IDEA case. See Clifford Decl., PageID # 670. Additionally, this Court approved a $300 hourly rate for Attorney O'Meara when he had approximately 25 years of experience in 2014. See SD, 2014 WL 7046190, at *2 ("$300 per hour is reasonable and appropriate in this [IDEA] case.").

[3] Based on the Court's review of the entries that were designated as related to the unsuccessful counterclaims, it appears that approximately 66 hours were removed from Defendants' proffered lodestar calculation. See ECF No. 57-2, PageID #s 608-11, 615-19, 621, 626-27, 630-31, 652, 657, 659-60.

Defendants' counsel seeks fees for a total of 24.4 hours spent on briefing the pending Motion. (See id., PageID #s 662-64; Defs. Reply, PageID # 703.)

The Court's divides its review of the fee summary (ECF No. 57-2) into three chronological parts: (1) hours billed prior to the request for an administrative hearing (January 2019 through January 2020), (2) hours billed during the period leading up to the administrative hearing through the completion of the First Circuit appeal (February 2020 through August 2022), and (3) hours billed on this fee request (September 2022 through November 2022).

### 1. Hours Expended from January 2019 through January 2020

Falmouth presses objections to the vast majority of billing entries in the first year that Attorney O'Meara and his firm represented the Does. As this Court noted in its Order on the underlying IDEA appeal, the Does filed their request for the administrative due process hearing underlying this litigation on January 15, 2020.[4] See Falmouth Sch. Dep't, 2021 WL 4476939, at *8. Prior to that date, the Does' counsel billed 47.7 hours to this matter. (See Ex. A to O'Meara Decl., PageID #s 543-79.) Counsel for the Does explains that this "preparatory work" was "useful to the ultimate result" and "necessary to advance a case like this to a successful conclusion." (O'Meara Decl., PageID # 539; see Defs. Reply, PageID #s 700-01.) The Court generally concurs with this explanation and does not consider less than 50 hours of preparatory work to be per se excessive.

However, the Court finds merit in two more specific objections pressed by Falmouth. First, Falmouth urges the Court to scrutinize the hours billed in this first year in light of the statutory restriction on awarding attorneys' fees "relating to any meeting of the IEP [individualized education program] team" contained in 20 U.S.C. § 1415(i)(3)(D)(ii). (See Pls. Response, PageID

---

[4] The Court acknowledges that the Does filed an earlier request in October 2019 that was subsequently withdrawn. See Falmouth Sch. Dep't, 2021 WL 4476939, at *7.

7

#s 676-77, 680-84.) Based on this statutory restriction, other courts have deducted hours that relate to attending or preparing for IEP meetings. See, e.g., Doe v. Reg'l Sch. Unit No. 21, No. 2:11-CV-25-DBH, 2013 WL 5232248, at *3 (D. Me. Sept. 16, 2013) (deducting fees related to IEP Team meeting process); Tillman v. D.C., 123 F. Supp. 3d 49, 60 (D.D.C. 2015) (collecting cases holding that "legal services for such IEP-related purposes are not compensable under the IDEA"). Second, Falmouth notes that "John [Doe] was not in special education from March 12, [2019] through the beginning of September [2019]," because his parents revoked their consent for services during this period. (Pl. Response, PageID # 682 n.10.) Because of this revocation, "the Does did not assert denial of a FAPE [free appropriate public education] for th[is] time period." Falmouth Sch. Dep't, 2021 WL 4476939, at *8 n.27. Falmouth requests that the Court "deny any claim for attorney fees for time spend during [this] period." (Pl. Response, PageID # 682 n.10.)

In the Court's view, it is appropriate to restrict recovery for hours billed based on these two objections. Having reviewed the billing records in light of these two valid objections, the Court has determined that 18.1 hours billed by Attorney O'Meara between January 18, 2019 and October 31, 2019 should be excluded from the lodestar calculation.[5] With these hours excluded, there is a

---

[5] Specifically, the Court is excluding the following hours from the billing record (ECF No. 57-2): (1) 0.2 hours on 1/18/19 (PageID # 543), (2) 0.4 hours on 1/22/19 (PageID # 544), (3) 0.7 hours on 1/24/19 (PageID # 545), (4) 0.2 hours on 2/1/19 (PageID # 545), (5) 0.1 hours on 2/5/19 (PageID # 546), (6) 0.1 hours on 2/7/19 (PageID # 546), (7) 0.1 hours on 2/11/19 (PageID # 546), (8) 0.1 hours on 2/15/19 (PageID # 546), (9) 0.1 hours on 2/20/19 (PageID # 546), (10) 0.2 hours on 2/28/19 (PageID # 547), (11) 0.1 hours on 3/6/19 (PageID # 548), (12) 0.1 hours on 3/8/19 (PageID # 548), (13) 0.1 hours on 3/8/19 (PageID # 549), (14) 0.5 hours on 3/11/19 (PageID # 549), (15) 0.7 hours on 3/11/19 (PageID # 550), (16) 0.2 hours on 3/12/19 (PageID # 551), (17) 0.2 hours on 3/13/19 (PageID # 551), (18) 0.3 hours on 3/14/19 (PageID # 551), (19) 0.4 hours on 3/15/19 (PageID # 552), (19) 0.1 hours on 3/18/19 (PageID # 552), (20) 0.1 hours on 3/19/19 (PageID # 552), (21) 0.1 hours on 3/21/19 (PageID # 552), (22) 0.4 hours on 3/22/19 (PageID # 553), (24) 0.4 hours on 3/25/19 (PageID # 553), (25) 0.2 hours on 3/27/19 (PageID # 553), (26) 0.1 hours on 3/28/19 (PageID # 554), (27) 0.1 hours on 3/29/19 (PageID # 554), (28) 0.1 hours on 4/2/19 (PageID # 554), (29) 0.1 hours on 4/12/19 (PageID # 555), (30) 1.3 hours on 4/29/19 (PageID # 555), (31) 0.2 hours on 5/7/19 (PageID # 556), (32) 0.1 hours on 5/10/19 (PageID # 556), (33) 0.1 hours on 5/13/19 (PageID # 557), (34) 1.7 hours on 5/17/19 (PageID # 557), (35) 0.1 hours on 5/20/19 (PageID # 557), (36) 0.3 hours on 5/22/19 (PageID # 557), (37) 0.1 hours on 5/29/19 (PageID # 558), (38) 0.6 hours on 5/31/19 (PageID # 558), (39) 0.5 hours on 6/3/19 (PageID # 558), (40) 0.1 hours on 6/4/19 (PageID # 559), (41) 0.1 hours on 6/10/19 (PageID # 559), (42) 0.5 hours on 6/14/19 (PageID # 559), (43) 0.3 hours on 6/17/19 (PageID # 559), (44) 0.6 hours on 6/18/19 (PageID # 560), (45) 0.3 hours on 6/19/19

remaining 29.6 hours of legal work that was done prior to the filing of the request for an administrative hearing.

### 2. Hours Expended from February 2020 through August 2022

Falmouth asks the Court to similarly exclude a number of billing entries between February 5, 2020 and February 26, 2022 on the ground that these entries similarly reflect IEP-related advice. (See Pl. Response, PageID #s 684 & 686 n.15.) The Court overrules these objections and finds that these entries are reasonably tied to the IDEA dispute.

Falmouth also asks the Court to exclude approximately ten hours billed by associates as excessive and reflecting attorney training. (See id., PageID #s 686-87.) Having reviewed these entries, the Court disagrees and concludes these hours were reasonably expended.

Beyond those specific requested deductions, Falmouth argues that "it is impossible to determine from the fee summary whether the time was spent on the claim they won or on the claims they lost, or whether the time was in some manner spent on both" for many of the billing entries in this period. (Pl. Response, PageID # 687.) Having reviewed the entire fee summary, along with Attorney O'Meara's Declaration, the Court disagrees with this characterization.

Attorney O'Meara has removed from the fee summary approximately 66 hours, which he represents "involved work on the Does' unsuccessful counterclaims in this action and on appeal."

---

(PageID # 560), (46) 0.1 hours on 6/19/19 (PageID # 561), (47) 0.1 hours on 6/21/19 (PageID # 561), (48) 0.1 hours on 6/24/19 (PageID # 561), (49) 0.1 hours on 6/25/19 (PageID # 561), (50) 0.1 hours on 7/9/19 (PageID # 561), (51) 0.1 hours on 7/15/19 (PageID # 561), (52) 0.1 hours on 7/23/19 (PageID # 561), (53) 0.1 hours on 7/23/19 (PageID # 562), (54) 0.2 hours on 7/24/19 (PageID # 562), (55) 0.1 hours on 7/31/19 (PageID # 562), (56) 0.1 hours on 8/1/19 (PageID # 562), (57) 0.4 hours on 8/2/19 (PageID # 563), (58) 0.1 hours on 8/5/19 (PageID # 563), (59) 0.1 hours on 8/6/19 (PageID # 563), (60) 0.1 hours on 8/14/19 (PageID # 563), (61) 0.1 hours on 8/24/19 (PageID # 563), (62) 0.1 hours on 8/27/19 (PageID # 563), (63) 0.3 hours on 8/28/19 (PageID # 564), (64) 0.1 hours on 8/29/19 (PageID # 564), (65) 0.1 hours on 9/3/19 (PageID # 564), (66) 0.2 hours on 9/5/19 (PageID # 564), (67) 0.1 hours on 9/6/19 (PageID # 565), (68) 0.7 hours on 9/10/19 (PageID # 565), (69) 0.1 hours on 9/10/19 (PageID # 566), (70) 0.2 hours on 9/11/19 (PageID # 566), (71) 0.1 hours billed on 9/12/19 (PageID # 566), (72) 0.1 hours billed on 9/16/19 (PageID # 567), (73) 0.1 hours billed on 9/18/19 (PageID # 567), (74) 0.1 hours on 10/14/19 (PageID # 571), and (74) 0.4 hours billed on 10/31/19 (PageID # 573).

(O'Meara Decl., PageID # 539; see supra n.3.) Based on the Court's review of the fee summary, this deduction adequately accounts for hours attributable to Defendants' counterclaims. Notably, the counterclaims, which were first asserted in August 2020, were not the subject of any discovery. Rather, these claims were resolved via a motion to dismiss on September 29, 2021. (See generally Order on Mot. to Dismiss Counterclaims (ECF No. 40).) In contrast, the IDEA appeal was fully litigated with a voluminous paper record. Thus, the Court declines to attribute any of the remaining entries to Defendants' counterclaims.

### 3. Hours Expended from September 2022 through November 2022

Falmouth has not pressed any specific objection to the 24.4 hours devoted to the fee motion. Given the length of this litigation and the various objections raised by Falmouth in its Response to the pending Motion, the Court finds that 24.4 hours were reasonably expended litigating this fee request.

Notably, Attorney O'Meara has limited his own billing rate for time expended on this Motion to $300. The other work on the motion was performed by an associate with an hourly billing rate of $150. With a total of 24.4 hours worked, the blended rate for work on the fee motion is under $243 an hour. See Coastal Ctys. Workforce, 2018 WL 6438743, at *7 (approving a maximum hourly rate of $210 for fee petition work done in 2018).

### C. The Adjusted Lodestar

After excluding 18.1 hours from the 522.5 hours listed in the fee summary, the Court concludes that the Does are entitled to have the lodestar in this matter calculated for a total of 504.4 hours reasonably expended on the underlying litigation, which yields a lodestar of $174,326.25. In addition to this amount, Defendants are entitled to reimbursement for $5,910 associated with work on this fee motion. All told, the Court concludes the adjusted lodestar in this matter is $180,236.25.

### D. Degree of Success

Finally, the Court separately considers whether this adjusted lodestar is subject to any further reduction as a result of the degree of success achieved. Falmouth asserts that Defendants' degree of success in this matter was "67% of the overall [IDEA] claim." (Pl. Response, PageID # 685.) They also propose that when the counterclaims are considered, the Court could view the Does' degree of success in this matter as a mere 33%. (See id., PageID # 689 n.21.)

Falmouth's claim that there was limited success in the IDEA appeal focuses on a six-month period in 2019 during which John Doe did not receive special education services at the request of the Does. As Defendants correctly point out, the administrative record does not support a finding that the Does litigated a claim for the denial of educational services for this early 2019 period. (See Defs. Reply, PageID # 701.) Moreover, the Court has largely excluded hours billed during this period as part of its lodestar calculation. Given this adjustment, the Court disagrees that the fee award in this case is additionally subject to a degree-of-success adjustment based on there being no award related to the March 2019 through August 2019 time period.[6]

Likewise, the Court disagrees with Falmouth's suggestion that a degree of success reduction is warranted based on the unsuccessful counterclaims. Rather, the Court has already concluded that the reduction of 66 hours reflected in the fee summary adequately accounts for the lack of success on these counterclaims.

Viewed as an IDEA appeal, the result the Does achieved in this case cannot be described as "only partial or limited success." SD, 2014 WL 7046190, at *2. Here, the Does obtained the specific relief they sought at the administrative level. They then successfully defended that award

---

[6] The Court also declines Falmouth's invitation to find limited success based on the fact that the ultimate award in this case only provided compensatory services through the end of the 2019-2020 school year. See Pl. Response, PageID # 685; Def. Reply, PageID # 702.

11

before this Court and the First Circuit. As the Supreme Court has instructed, "[t]he result is what matters" and, when a party "has obtained excellent results, [their] attorney should recover a fully compensatory fee." Hensley, 461 U.S. at 435. In the Court's assessment, Falmouth's degree-of-success arguments fail to overcome the "strong presumption that the lodestar figure—the product of reasonable hours times a reasonable rate—represents a 'reasonable' fee." Murphy v. Smith, 138 S. Ct. 784, 789 (2018) (explaining that this presumption has been developed in the context of § 1988 cases) (quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986)); see also Perez-Sosa, 22 F.4th at 321 ("The lodestar method, properly applied, yields a fee that is presumptively sufficient to achieve the underlying purposes of fee-shifting." (internal quotation omitted)).

### III. CONCLUSION

For the reasons just given, the Court GRANTS IN PART the Motion for Attorneys' Fees and Expenses (ECF No. 57). The Court awards Defendants a total amount of $184,731.82, which reflects an adjusted lodestar of $180,236.25 and expenses totaling $4,495.57.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 17th day of February, 2023.